104 F.3d 374
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Raymond L. HAMPTON, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7056.
 United States Court of Appeals, Federal Circuit.
 Nov. 25, 1996.
 
 DISMISSED.
 Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.
 ON MOTION
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Raymond L. Hampton's appeal for lack of jurisdiction. We treat Hampton's opposition as a motion for leave to file an untimely opposition.
 
 
 2
 In 1991, the regional office denied Hampton's claim for entitlement to service connection for degenerative disc disease of the lumbar spine. The Board of Veterans Appeals also denied Hampton's claim, stating that the "evidence [did] not establish that a chronic low back disorder was present during service or demonstrate a continuity of post-service symptoms suggesting that a current low back disorder had its onset in service." See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. The Court of Veterans Appeals affirmed the Board's decision, stating that the Board's factual findings had a plausible basis in the record. Hampton appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his informal brief and opposition, Hampton contends that the Board of Veterans Appeals erred in its determination that his back condition was not service-connected. Hampton also argues that he "is being denied his constitutional rights under 38 U.S.C. § 101(16), which raises a constitutional question, therefore giving this Court jurisdiction to entertain an appeal from the Court of Veterans Appeals." Although Hampton frames one sentence in constitutional terms, he does not explain how 38 U.S.C. § 101(16), which defines the term "service-connected," presents a constitutional issue. Hampton acknowledges that he is primarily seeking review of findings of fact. However, this court may not review such findings. 38 U.S.C. § 7292(d)(2). The remainder of Hampton's arguments are, in essence, a challenge to the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, Hampton's appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Hampton's motion for leave to file an untimely opposition is granted.
 
 
 9
 (4) Each side shall bear its own costs.